UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JESSICA RECHTSCHAFFER,

                                   Plaintiff,          **COMPLAINT**

              -against-                    13 Civ. 0709 (JPO)

THE CITY OF NEW YORK and P.O.s  JOHN and JANE    **JURY TRIAL DEMANDED**
DOE #1-10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------X

      Plaintiff JESSICA RECHTSCHAFFER, by her attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.   Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

      4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.       Plaintiff JESSICA RECHTSCHAFFER is a Caucasian female, a citizen of the

United States, and at all relevant times a resident of the City and State of New York.

7.       Defendant THE CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant THE CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the New York State

Criminal Procedure Law, acting under the direction and supervision of the aforementioned

municipal corporation, City of New York.

9.       That at all times hereinafter mentioned, the individually named defendants P.O.s

JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were

acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of

New York.

11.      Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant THE CITY OF NEW

YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On March 17, 2012, at approximately 2:30 p.m., plaintiff JESSICA RECHTSCHAFFER was lawfully present near the northeast corner of Zuccotti Park, in the County, City, and State of New York.

14.     At aforesaid time and place, plaintiff JESSICA RECHTSCHAFFER was suddenly accosted by members of the New York City Police Department.

15.     A currently unidentified male police officer deliberately grabbed plaintiff JESSICA RECHTSCHAFFER's breast.

16.     Defendants grabbed plaintiff JESSICA RECHTSCHAFFER and threw her to the ground.

17.     Defendants deliberately bent and twisted plaintiff JESSICA RECHTSCHAFFER wrists.

18.     Defendants deliberately handcuffed plaintiff JESSICA RECHTSCHAFFER with flex-cuffs more tightly and violently than is authorized or required by proper NYPD procedure.

19.     Plaintiff JESSICA RECHTSCHAFFER was screaming in pain and begging to have the flex-cuffs removed, but defendants initially refused to remove or adjust the flex-cuffs.

20.     Defendants eventually removed the flex-cuffs and replaced them with metal handcuffs.

21.     As a result of defendants' actions, plaintiff JESSICA RECHTSCHAFFER sustained, *inter alia*, a fractured left wrist, nerve damage to her right wrist, and injuries to her head.

22.     Members of the New York City Police Department have a custom and practice of using excessive force against individuals who are participating or are perceived to be participating in First Amendment protest activities.

23.     The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, as documented in hundreds of claims arising from, *inter alia*, demonstrations in 2003 against the war in Iraq and in 2004 against the Republican National Convention; Critical Mass bicycle rides; and activities connected with Occupy Wall Street.

24.     Defendants placed plaintiff JESSICA RECHTSCHAFFER under arrest despite defendants' knowledge that they lacked probable cause to do so.

25.     Defendants transported plaintiff JESSICA RECHTSCHAFFER to the 7th Precinct of the New York City Police Department in New York, New York, and from there to Downtown Hospital, where she was treated for the injuries that defendants had inflicted.

26.     From the hospital, defendants transported plaintiff JESSICA RECHTSCHAFFER back to the 7th Precinct, and from there to Manhattan Central Booking.

27.     Manhattan Central Booking refused to accept plaintiff JESSICA RECHTSCHAFFER because of her injuries, and so she was transported to the 20th Precinct.

28.     Plaintiff JESSICA RECHTSCHAFFER was transported back to Manhattan Central Booking, which again refused to accept her, and then back again to the 20th Precinct.

29.     Plaintiff JESSICA RECHTSCHAFFER was finally brought to court and arraigned, and accepted an Adjournment in Contemplation of Dismissal.

30.     Plaintiff JESSICA RECHTSCHAFFER was held and detained in custody for approximately thirty-one hours.

31.     As a result of the foregoing, plaintiff JESSICA RECHTSCHAFFER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff JESSICA RECHTSCHAFFER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     As a result of the aforesaid conduct by defendants, plaintiff JESSICA RECHTSCHAFFER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

40.     As a result of the foregoing, plaintiff JESSICA RECHTSCHAFFER's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §  1983

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JESSICA RECHTSCHAFFER's constitutional rights.

43.     As a result of the aforementioned conduct of defendants, plaintiff JESSICA RECHTSCHAFFER was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants issued legal process to place plaintiff JESSICA RECHTSCHAFFER under arrest.

46.     Defendants arrested plaintiff JESSICA RECHTSCHAFFER in order to obtain a collateral objective outside the legitimate ends of the legal process.

47.     Defendants acted with intent to do harm to plaintiff JESSICA RECHTSCHAFFER without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

48.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants arrested, incarcerated, and assaulted plaintiff JESSICA RECHTSCHAFFER in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, incarceration, and assault would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

50.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

52.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, using excessive force against individuals who are participating or are perceived to be participating in First Amendment protest activities.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JESSICA RECHTSCHAFFER.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JESSICA RECHTSCHAFFER as alleged herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JESSICA RECHTSCHAFFER as alleged herein.

56.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JESSICA RECHTSCHAFFER was falsely arrested, incarcerated, and assaulted.

57.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JESSICA RECHTSCHAFFER.

58.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JESSICA RECHTSCHAFFER's constitutional rights.

59.     All of the foregoing acts by defendants deprived plaintiff JESSICA RECHTSCHAFFER of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     Not to have excessive force imposed upon her;

D.     To be free from malicious abuse of process;

E.     Not to have cruel and unusual punishment imposed upon her; and

F.     To receive equal protection under the law.

60.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendant in the sum of five million dollars  ($5,000,000.00).

## PENDANT STATE CLAIMS

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     On or about May 31, 2012, and within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

63.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64.     The City of New York demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was conducted on August 3, 2012.

65.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

67.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

68.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.     Defendant police officers arrested plaintiff JESSICA RECHTSCHAFFER in the absence of probable cause and without a warrant.

70.     As a result of the aforesaid conduct by defendants, plaintiff JESSICA RECHTSCHAFFER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants.

71.     The aforesaid actions by the defendants constituted a deprivation of plaintiff JESSICA RECHTSCHAFFER's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     As a result of the foregoing, plaintiff JESSICA RECHTSCHAFFER was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

74.     Plaintiff JESSICA RECHTSCHAFFER was conscious of said confinement and did not consent to same.

75.     The confinement of plaintiff JESSICA RECHTSCHAFFER was without probable cause and was not otherwise privileged.

76.     As a result of the aforementioned conduct, plaintiff JESSICA RECHTSCHAFFER has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

77.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants' aforementioned actions placed plaintiff JESSICA RECHTSCHAFFER in apprehension of imminent harmful and offensive bodily contact.

79.     As a result of defendants' conduct, plaintiff JESSICA RECHTSCHAFFER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Defendant police officers touched plaintiff JESSICA RECHTSCHAFFER in a harmful and offensive manner.

82.     Defendant police officers did so without privilege or consent from plaintiff JESSICA RECHTSCHAFFER.

83.     As a result of defendants' conduct, plaintiff JESSICA RECHTSCHAFFER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Defendant police officers issued legal process to place plaintiff JESSICA RECHTSCHAFFER under arrest.

86.     Defendant police officers arrested plaintiff JESSICA RECHTSCHAFFER to obtain a collateral objective outside the legitimate ends of the legal process.

87.     Defendant police officers acted with intent to do harm to plaintiff JESSICA RECHTSCHAFFER, without excuse or justification.

88.     As a result of the aforementioned conduct, plaintiff JESSICA RECHTSCHAFFER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JESSICA RECHTSCHAFFER.

91.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O.s  JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

92.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JESSICA RECHTSCHAFFER.

94.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

WHEREFORE, plaintiff JESSICA RECHTSCHAFFER demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
            January 28, 2013


                                         _____/s_____
                                         ROSE M. WEBER (RW 0515)
                                         225 Broadway, Suite 1607
                                         New York, NY 10007
                                         (212) 748-3355